UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DONYEA ROBERTSON,

      Defendant.

                                          /

Case No. 1:06-cr-142

HON. GORDON J. QUIST

## **OPINION**

Defendant, Donyea Robertson, has been charged with various drug related offenses in a six count indictment. Robertson has filed a motion to suppress evidence seized on March 16, 2006, from 4021 Point O' Woods SE, Apartment #85, in Grand Rapids. Robertson contends that: (1) there was not a sufficient nexus between the controlled drug transactions giving rise to the warrant and Apartment #85, and (2) the information in the affidavit was stale on the date the warrant was issued. For the following reasons, the Court will deny Robertson's motion to suppress.

### I. Findings of Fact

The events giving rise to the warrant are set forth as follows in the affidavit prepared by Kentwood Police Department Detective Steve Lewkowski:[1]

> On 2-10-06 I met "T" (later identified as Donyea Robertson) at 1700 44th st SE where I purchased 13.3 grams of suspected cocaine from him for $500.00 in pre-recorded MET funds. The suspected cocaine I purchased from Robertson field tested positive. Robertson was followed from 1700 44th St. to 4021 Point O'Woods where he parked his white 1992 Cadillac in a carport. Robertson was witnessed enter the common door at 4021 Point O'Woods.

---

[1] The text from the affidavit is unedited.

> On 2-14-06 I met Donyea Robertson AKA "T" at 4384 Kalamazoo SE where I purchased 27.2 grams of suspected cocaine from him for $1,000 in pre-recorded MET funds. The suspected cocaine I purchased from Robertson field tested positive. At 1926 hrs on 2-14-06 surveillance witnessed Robertson exit 4021 Point O'Woods and enter into a white 1992 Cadillac vehicle with the plate of 6FJ-R47. At 1930hrs on 2-14-06 Robertson entered into my U/C vehicle and sold me 27.2 grams of suspected cocaine. Robertson was then followed by surveillance in the white Cadillac (6FJ-R-47) to Point O' Woods where it was backed into a carport.
>
> On 2-24-06 I met Donyea Robertson AKA "T" at 1700 44th st SE and purchased 29.0 grams of suspected cocaine for $1,000.00 in pre-recorded MET funds. The suspected cocaine I purchased from Robertson field tested positive. At 1352 hours on 2-24-06 surveillance witnessed a white Cadillac (5FJ-R-47) pull into 4021 Point O' Woods and park. At 1411hrs on 2-24-06 the same white Cadillac (6fJ-R47) left 4021 Point O' Woods. 1411 hrs on 2-24-06 white Cadillac parked next to me at 1700 44th St. SE. Robertson exited the White Cadillac and sold me the suspected cocaine.
>
> On 3-8-06 I met Donyea Robertson AKA "T" at 4201 Kalamzaoo where I purchased 29.2 grams of suspected cocaine for $1,000.00 in pre-recorded MET funds. The suspected cocaine I purchased from Robertson field tested positive. At 2017hrs on 3-8-06 surveillance witnessed a black male wearing a red workout suit exit 4021 Point O' Woods and enter into a white Cadillac with the plate of 6FJ-R47. At 2019 hrs on 3-8-06 the white Cadillac (6FJ-R47) arrives and Robertson gets in my U/C vehicle wearing a red workout suit. Robertson got into my vehicle and sold me the suspected cocaine. At 2023hrs on 3-8-06 white Cadillac arrives back at 4021 Pont O' Woods. Robertson, wearing a red workout suit enters the common door at 4021 Point O' Woods.
>
> On 2-23-06 Lt Young confirmed that Donyea Robertson is the current lease holder at 4021 Point O' Woods Apartment #85 through Point O' Woods leasing office.
>
> On 3-16-06 Lt Young again confirms that Donyea Robertson is the current lease holder at 4021 Point O' Woods Apartment #85 through Point O' Woods leasing office.

(Government's Resp. to Def.'s Mot. to Suppress, Ex. A at 3.) In the affidavit, the affiant described his background as a detective, his familiarity with the ways and means of drug trafficking, his experience in undercover drug buys and investigations, and his experience drafting search warrants for controlled substances. The affiant also conveyed his "working knowledge of how drug houses

operate in the obtaining, processing, packaging, and distribution of drug proceeds." (*Id*.)

On March 16, 2006, the same day that the magistrate issued the warrant, Detective Lewkowski conducted a fifth controlled transaction. Following this transaction, officers followed Robertson to the apartment and executed the search warrant. The search revealed cocaine, digital scales, over a thousand dollars in cash, and counterfeit currency. Robertson was in the apartment and arrested.

## II.  Conclusions of Law

### A.  Nexus Between the Controlled Transactions and the Apartment

Robertson alleges that there was not a sufficient nexus between the apartment and the controlled transactions, which occurred at other locations. Robertson also argues that the affidavit lacked any information linking Robertson, known to Detective Lewkowski as "T," to the apartment identified in the search warrant. Robertson bears the burden of establishing that the affidavit was insufficient to support the issuance of the warrant. *See United States v. Blakeney*, 942 F.2d 1001, 1015 (6th Cir. 1991).

To meet the probable cause requirement, an affidavit in support of "a search warrant need not establish beyond a reasonable doubt that incriminating evidence will be found on the premises to be searched." *Blakeney*, 942 F.2d at 1025. However, probable cause does require a "substantial basis" for concluding that evidence of a crime will be found at the location to be searched. *See id*. (citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983)). Both the Supreme Court and the Sixth Circuit have emphasized that a magistrate's probable cause determination is entitled to "great deference" by reviewing courts. *United States v. Leon*, 468 U.S. 897, 914, 104 S. Ct. 3416 (1984); *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986). A magistrate's determination

of probable cause should be upheld so long as the magistrate had a "substantial basis" for concluding that the search would lead to evidence of a crime. *Pelham*, 801 F.2d at 877-78.

The "totality of the circumstances" test set forth by the Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317 (1983) governs the sufficiency of an affidavit. The Court stated in that case that:

> [t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gates*, 462 U.S. at 238, 103 S. Ct. at 2332.

Robertson alleges that because the controlled transactions in the affidavit did not occur at Robertson's apartment, there cannot be a nexus between the illegal activity and the apartment. Robertson further alleges that the police did not observe any illegal activity at Robertson's apartment and that there was no indication that drugs were stored at Robertson's apartment.

The affidavit stated that Detective Lewkowski identified "T" as Robertson. Officers observed Robertson's car leaving the apartment and driving directly to and from the controlled transactions. The substances in the controlled transactions field tested positive for cocaine. Officers observed Robertson leaving the apartment building before, and entering the apartment building after, every controlled transaction. An officer twice confirmed that Robertson leased apartment #85 in that building. Detective Lewkowski also described his experience and familiarity with the operations of drug houses and drug trafficking and his belief that evidence of drug trafficking would be found at the apartment. Based on the information in the affidavit, the magistrate could find that there was a fair probability that drugs would be found in Robertson's apartment.

**B.    Staleness of the Information in the Affidavit**

Robertson contends that the information in the affidavit was stale because there was an eight day period between the fourth controlled transaction and the date the search warrant was sought. The "critical question is whether the information contained in the affidavit, when presented to the state court judge, established that there was a fair probability that illegal drugs would still be found." *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998). The question of staleness depends on the inherent nature of the crime. Among the factors cited by the Sixth Circuit in determining staleness are:

> the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), the place to be searched (mere criminal forum of convenience or secure operational base?), etc.

*Id*. (quoting *Andresen v. State*, 24 Md.App. 128, 172, 331 A.2d 78, 106 (Md. App. 1975)).

The affidavit here described a series of transactions occurring over a period of four weeks, with roughly one transaction per week. An eight day period between the fourth controlled transaction and securing the warrant is consistent with the time intervals between transactions. Because the drug dealing was an on-going process, rather than a one-time incident, the eight day period does not necessitate a finding that the information was stale. The ongoing nature of the transactions tends to show that Robertson was entrenched, rather than nomadic, such that there would be a fair probability of finding drugs. Furthermore, the search warrant was for Robertson's apartment, which could be categorized as a "secure operational base" from which he conducted transactions. Based on the inherent nature of the criminal activity, the Court cannot conclude that the information contained in the affidavit was stale.

### III.  Conclusion

For the foregoing reasons, the Court will deny Robertson's motion to suppress.

An Order consistent with this Opinion will be entered.


Dated:  October 30, 2006                                    /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE